

OKLAHOMA
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA**

JOHN VAN FOSSEN,
Plaintiff,
v.
CITY OF TULSA,
Defendant, and
JENNIFER MURPHY,
Defendant.

**No. CJ-2019-458**
**(Civil relief more than $10,000: EXCESSIVE FORCE)**

Filed: 02/04/2019

Judge: Wall, Caroline

## PARTIES

CITY OF TULSA, Defendant
MURPHY, JENNIFER, Defendant
VAN FOSSEN, JOHN, Plaintiff

## ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| CASEY, ANDREW M (Bar #32371)<br>12231 SOUTH MAY AVENUE<br>OKLAHOMA CITY, OK 73170 | VAN FOSSEN, JOHN |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

EXHIBIT
A
tabbies

**Issue # 1.** Issue: EXCESSIVE FORCE (OTHER)
Filed By: VAN FOSSEN, JOHN
Filed Date: 02/04/2019

| Party Name | Disposition Information |
|---|---|
| **Defendant:** CITY OF TULSA | |
| **Defendant:** MURPHY, JENNIFER | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 02-04-2019 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 02-04-2019 | OTHER | EXCESSIVE FORCE | | | |
| 02-04-2019 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 02-04-2019 | PFE1 | PETITION<br>Document Available (#1042828627) TIFF PDF | | | $ 163.00 |
| 02-04-2019 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 02-04-2019 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 02-04-2019 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 02-04-2019 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 02-04-2019 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 02-04-2019 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 02-04-2019 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 02-04-2019 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 02-04-2019 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 02-04-2019 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 02-04-2019 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 02-04-2019 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 02-04-2019 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 02-04-2019 | SMF | SUMMONS FEE (CLERKS FEE) - 2 | | | $ 20.00 |
| 02-04-2019 | SMIP | SUMMONS ISSUED - PRIVATE PROCESS SERVER | | | |
| 02-04-2019 | EAA | ENTRY OF APPEARANCE / GREG HAUBRICH AND ANDREW M. CASEY Document Available (#1042829698) TIFF PDF | | VAN FOSSEN, JOHN | |
| 02-04-2019 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE WALL, CAROLINE TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 02-04-2019 | ACCOUNT | RECEIPT # 2019-3889665 ON 02/04/2019. PAYOR: FOSHEE & YAFFE TOTAL AMOUNT PAID: $ 252.14. LINE ITEMS: CJ-2019-458: $183.00 ON AC01 CLERK FEES. CJ-2019-458: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2019-458: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2019-458: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2019-458: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2019-458: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2019-458: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2019-458: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2019-458: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2019-458: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2019-458: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 07-29-2019 | SMF | ALIAS SUMMONS FEE -2 | | | $ 20.00 |
| 07-29-2019 | ASMIP | ALIAS SUMMONS ISSUED PRIVATE PROCESS SERVER | | | |
| 07-29-2019 | ACCOUNT | RECEIPT # 2019-3974185 ON 07/29/2019. PAYOR: JOHN S. NOBLES TOTAL AMOUNT PAID: $ 20.00. LINE ITEMS: CJ-2019-458: $20.00 ON AC01 CLERK FEES. | | | |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 08-05-2019 | S | PARTY HAS BEEN SUCCESSFULLY SERVED. JENNIFER MURPHY SERVED / SEE DOCUMENT / ON 8-5-19 BY PS Document Available (#1044484340) TIFF PDF | | MURPHY, JENNIFER | |

*1042828627*

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
FEB - 4 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

(1) JOHN VAN FOSSEN
Plaintiff,

v.

(1) CITY OF TULSA, OKLAHOMA,
A municipal corporation;
(2) JENNIFER MURPHY,
Individually,
Defendants.

Case No. CJ-2019 00458

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

Caroline Wall

## COMPLAINT

**COMES NOW** the Plaintiff, John Van Fossen, and files this *Complaint*, and for his causes of action against the Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff, John Van Fossen ("Van Fossen") is a resident of Tulsa County, State of Oklahoma.

2. Defendant, City of Tulsa ("Tulsa"), was, at all times relevant hereto, a political subdivision of the State of Oklahoma, located in TULSA COUNTY and a municipal corporation pursuant to 11 O.S. § 22-10 *et. seq*.

3. Defendant Jennifer Murphy ("Murphy") was during times material to this *Complaint*, a duly appointed police officers of the City of Tulsa.

4. The facts giving rise to the incidents alleged herein occurred within the jurisdiction of the City of Tulsa which is located within the Tulsa County, State of Oklahoma. Venue is thus proper in Tulsa County, Oklahoma.

5. Murphy is being sued individually for her personal actions.

2019 FEB -4 PM 3:55
DON NEWBERRY
COURT CLERK

## FACTUAL ALLEGATIONS

6. In the late evening hours of April 2, 2015, Van Fossen experienced a conflict with two (2) people who had been sleeping temporarily at his apartment residence. Subsequent to the conflict, Van Fossen requested the two people to leave and they refused. Van Fossen contacted the Tulsa Police Department for assistance in removing the two people from his home. Two officers arrived after responding to the call: (1) Officer Jennifer Murphy, and (2) Officer Michael Robertson. Van Fossen indicated he did not wish to press charges against the two people but did want them removed from the house. Additionally, Van Fossen requested the officers to wait outside and speak to the trespassers outside of the front door. Before the officers could make contact with the two subjects, both officers notified Van Fossen that they believed this matter to be a civil matter and refused to discuss the matter with the other subjects. Immediately thereafter, the officers left the residence and returned to their patrol cars in the parking lot.

7. After the officers left, the subjects again began antagonizing and threatening Van Fossen. They attempted to intimidate, provoke, and inflict fear that they were going to attack, harm, or kill Van Fossen after his failed attempt to have them lawfully and rightfully removed from the premises. Fearing for his safety, Van Fossen secured a kitchen knife into his back pocket.

8. Shortly thereafter, the officers returned to the Van Fossen residence and knocked on the door. Van Fossen reiterated his earlier demand that the officers not enter his home. While Robertson questioned the two (2) visitors outside of the apartment, Murphy entered the residence and approached Van Fossen. Murphy, at no point, communicated to Van Fossen that he was under arrest. Van Fossen complied with Murphy's unreasonable demands temporarily despite no indication that he was being detained or under arrest for a crime. Murphy did not take any action

to check or remove weapons from Van Fossen's person and did not inquire as to whether Van Fossen held any weapons.

9. After Robertson finished his conversation with the two visitors, Robertson entered the residence and joined Murphy in Van Fossen's home. He also situated himself behind Van Fossen. As Murphy verified that Van Fossen did not have any outstanding warrants, Van Fossen attempted to contact a family member on his cell phone. Murphy, again, unreasonably demanded that he place the cell phone down. Van Fossen realized the officers' adversity towards him, and knowing that he had a defensive weapon in his back pocket, Van Fossen determined to carefully remove the object from his back pocket. Van Fossen made no sudden movements and calmly, slowly, and in a deliberate fashion came to a standing position. Van Fossen intentionally showed his back to the officers and faced the wall opposite them. After reaching a standing position, Van Fossen gradually withdrew the item to show the officers and place it on the table. Van Fossen, at no point during this motion, faced the officers. During the pendency of this development—without warning, provocation, or notice—the Officers drew their weapons and Murphy fired multiple rounds at and into Van Fossen.

10. The bullets hit Van Fossen in the back of his thigh and back of his calf. The entry wounds and exit wound reveal that Van Fossen was shot from behind with one bullet exiting the front of his thigh. A number of other officers flooded to the scene and held Van Fossen at gunpoint while emergency crews came to transport him to the hospital.

11. The State of Oklahoma charged Van Fossen with two counts of assault with a dangerous weapon in violation of 21 O.S. § 645.[1]

[1] Van Fossen's trial counsel requested a lesser included charge of obstruction pursuant to 21 O.S. 540.

12. At preliminary hearing and at trial, Murphy produced perjured, false, misleading and/or deceptive testimony to a judge and jury indicating Van Fossen faced her, pulled a knife on her, raised the knife above her head, and came towards her in disobeyance of several orders and warnings to stop. Robertson also testified that he feared he was going to be "assaulted" but conceded that Van Fossen never took any steps towards him and that "in the blink of an eye" Murphy began shooting Van Fossen when he attempted to stand up. Both officers testified Van Fossen faced them with a knife before he was shot in the back.

13. A jury trial commenced from November 14, 2016 until November 16, 2016 wherein the State and Defense presented testimony. Murphy, Robertson, Van Fossen, and an expert witness on Van Fossen's behalf testified. The expert witness opined that Van Fossen was shot from behind. The jury considered whether any assault with a dangerous weapon occurred by Van Fossen against the two officers and whether Van Fossen may have obstructed an officer in the performance of their duties. A jury of Van Fossen's peers found him not guilty of both counts of assault with a dangerous weapon and convicted him of obstruction.

14. Murphy entered Van Fossen's home without permission, made unreasonable demands, pulled her gun and fired at Van Fossen prematurely and without warning or provocation. Upon information and belief, her actions were unreasonable under the circumstances and her use of force in violation of all standards and protocol for use of force. Upon realization that she fired unlawfully upon Van Fossen in the back, Murphy used her position and influence as an officer in the Tulsa Police Department to persuade and convince charges to be brought against Van Fossen. Murphy also instructed Van Fossen be arrested. Murphy also conspired with Robertson and other officers to produce false or misleading

information and testimony that would be used against Van Fossen in order to lead to a conviction for a felony crime of Assault with a Dangerous Weapon.

15. Even if Van Fossen truly obstructed Officer Murphy during the course of her duties, Murphy's use of force in response to Van Fossen's alleged actions was unreasonable and excessive.

**FIRST BASIS FOR RELIEF**
*Excessive and Unreasonable Force against Murphy*

16. Van Fossen alleges and incorporates by reference Paragraphs numbered one (1) thorough fifteen (15), above, with the same force and effect as if fully set forth herein.

17. Murphy was at all times relevant hereto, were acting in her capacities as police officers in the City of Tulsa, Oklahoma under color of statutes, ordinances, customs and usage of the City of Tulsa and the Tulsa Police Department.

18. Murphy intentionally violated Van Fossen's rights to be secure in his home and person in violation of the Fourth Amendment to the Oklahoma and United States Constitution. Murphy used excessive and unreasonable force against Van Fossen by shooting him in the back in his own home without any warning, notice, or provocation. Judging from the perspective of a reasonable officer on the scene, and in light of the facts and circumstances confronting her, Murphy acted in an objectively unreasonable manner. The totality of the circumstances reveal that she fired her weapon before warning or issuing any commands for Van Fossen to cease and desist any conduct. Van Fossen's conduct was not threatening to Murphy and he was not resisting arrest or attempting to evade arrest by flight. Even if any of Van Fossen's conduct could be described as criminal (to which Van Fossen adamantly denies), the severity of any accusations at issue were so minimal as to not be considered a basis for an objectively reasonable officer to use the level of force that Murphy utilized as Van Fossen was not facing Murphy at the

time that she fired her weapon at him intending to cause him great bodily harm. There was no immediate threat to the safety of either officer or others.

19. Murphy provided false information to a neutral magistrate and jury to prosecute Van Fossen for the crime of Assault with a Dangerous Weapon. The arrest and unlawful detention of Van Fossen, and the malicious charges placed against him intentionally, with malice, with deliberate indifference and callous disregard of his rights deprived Van Fossen of his liberty and property without Due Process of Law, thereby depriving him of his rights privileges as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and protected under 42 U.S.C. § 1983.

20. The actions of Defendant Murphy resulted in harms caused to Van Fossen and were the foreseeable result of their willful actions all in reckless disregard of Van Fossen's constitutional rights and deliberately indifferent to Van Fossen's rights.

21. As a direct and proximate result of Murphy's actions, Van Fossen suffered severe and extreme pain and suffering, in the past, in the present and is expected to do so in the future. This matter caused severe strain on his life. His reputation in the community along with career prospects have been substantially compromised due to the actions of Defendant.

22. Van Fossen demands judgment against Murphy for actual, compensatory and all other categories of damages in the amount of $75,000.00.

**SECOND BASIS FOR RELIEF**

*Respondeat Superior and Municipal Liability against City of Tulsa*

23. Van Fossen alleges and incorporates by reference herein the Paragraphs numbered one (1) thorough twenty-two (22), above, with the same force and effect as if fully set forth herein.

24.    The following, among others that will be developed in discovery, informal customs or practices are so persistent and widespread that they are the standard operating procedure for the City of Tulsa's police force:

    a.    Officers entering private premises without permission despite objections from legal occupants;

    b.    Officers firing weapons at subjects and suspects without warning or commands being given to obtain compliance with a suspect;

    c.    Officers using false, misleading, or deceptive information when excessive force has been used to justify and cover for their actions;

    d.    Officers detaining suspects under false pretenses;

    e.    Officers ignoring direct refusals of consent to entry of a home;

    f.    Officers using painful compliance techniques against restrained suspects who pose no immediate or potential threat to officers, others, or themselves;

    g.    Tolerating officers who use unreasonable and excessive force against a subject or suspect and/or failing to retrain or discipline officers who use unreasonable or excessive conduct;

    h.    Tolerating officers who provide false, misleading, or deceptive testimony designed to inculpate and convict innocent defendants of crimes;

    i.    Officers shooting suspects facing away from them;

    j.    Officers failing to properly secure a scene or suspect

    k.    Officers not being trained with adequate knowledge of what constitutes probable cause of a felony being committed.

25. There is an affirmative link between the aforementioned acts and omissions of Defendants and the informal customs or practices of the City of Tulsa. The customs or practices are the direct cause in fact of Plaintiff's Constitutional injury.

26. Additionally, The City of Tulsa is responsible for adequately training and supervising Murphy as an officer employed by the Tulsa Police Department as well as for adequately training and supervising the multiple other law enforcement officers who participated, conspired, and acted in concert with the constitutional deprivations Plaintiff suffered. The training related to preservation of Constitutional protections and on excessive force are designed to protect the Constitutional rights of subjects and citizens while in the performance of law enforcement duties. Supervision allows for oversight and correction of unconstitutional behavior and practices. The City of Tulsa failed to adequately train and/or supervise its officers related to the use of force, properly securing residence and on Fourth Amendment protections afforded pursuant to the United States Constitution. There is an obvious need to adequately train and supervise both uniformed and supervising officers to alleviate the plainly obvious consequence of Fourth and Fourteenth Amendment violations.

27. The failure to train these officers in the proper use of force, securing a scene and basic Fourth Amendment principles set into motion the series of events resulting in Van Fossen's deprivation of Constitutional rights. The failure to provide oversight, supervision and discipline for offending conduct is also affirmatively linked to Van Fossen's constitutional injuries and damages.

28. The City of Tulsa and its final policymaker Police Chief Chuck Jordan knew and/or should have known it was obvious that the maintenance of the aforementioned actions, inactions and/or omissions would be substantially certain to result in the Constitutional violations

such as those suffered by Van Fossen. Tulsa and Jordan consciously chose to disregard this obvious risk.

29. Poorly trained and improperly supervised officers empowered with deadly weapons present a known and obvious risk of abuse of power and lethal violence to the population of the City of Tulsa. The City of Tulsa and its final policymaker Police Chief Chuck Jordan disregarded the known and obvious risks to citizens like Van Fossen.

30. Several Tulsa law enforcement officers (including Murphy), acted in accordance with the above-mentioned official formal policies and/or widespread customs of the Tulsa Police Department or as a result of the failure to be trained, supervised, or retention, and, in so doing, proximately caused damages incurred by Van Fossen.

31. Murphy conspired and acted in concert with several members of the Tulsa Police Department throughout the actions of this Complaint. The City of Tulsa and its final policymaker Police Chief Chuck Jordan enabled and allowed this conspiracy through their continued encouragement, ratification and approval of the aforementioned policies, practices and/or customs and lack of training and supervision, in spite of the known inadequacies and unlawfulness, were each, and collectively, deliberately indifferent to the valuable constitutional rights of individuals like Van Fossen.

32. Specifically, several Tulsa officers entered the Van Fossen home and stayed inside the home after being told to leave before using unreasonable and excessive force against Van Fossen. Several of these officers also conspired and agreed to deny, falsify, lie, or simply remain silent about the surrounding constitutional violations of Van Fossen and/or actively participated in concert with the ongoing constitutional violations that were being orchestrated by Murphy. These officers acted in accordance with the above-mentioned official formal policies

and/or widespread customs of the Tulsa Police Department or as a result of the failure to be trained or supervised, and, in so doing, proximately caused damages incurred by Van Fossen. Their actions were further ratified by the final policymaker of the Police Department, Police Chief Chuck Jordan.

33. Murphy was acting in the scope of her employment and as such was subjected to a deadly force review board by agents for the City of Tulsa.[2] That non-independent internal board cleared Murphy's conduct much like it cleared hundreds officers' conduct per year with very rare occasion finding a violation of policy. The lack of any effective supervision from that board in previous shootings created a vacuum in discipline and retraining.

34. City of Tulsa is responsible for any negligent, reckless, and/or objectively unreasonable conduct of its employees, including Tulsa Police Officers like Murphy. City of Tulsa is responsible for ongoing supervision of its officers in the field, in reporting of cases, and in courtrooms for testimony.

35. Specifically, City of Tulsa is responsible for the objectively unreasonable shooting of John Van Fossen. City of Tulsa is also responsible for its employees negligent and inaccurate reporting and pursuit of prosecution of a crime that lacked probable cause of a crime being committed. City of Tulsa is responsible for the effects of its officers seeking felony charges without probable cause.

36. As a direct and proximate result of the City of Tulsa's actions, Van Fossen suffered numerous losses from April 3, 2015 until November 11, 2016. Damages from these losses include but are not limited to severe and extreme pain and suffering, in the past, in the present and is expected to do so in the future. Van Fossen also suffered losses of freedom, losses

---

[2] A Notice of Claim under the Oklahoma Governmental Tort Claims Act was previously provided to counsel for Defendants in Northern District Case No. 17-cv-169-CVE. If required, counsel will resubmit that notice to this court or counsel.

constitutional protections, and emotional distress related to the conduct of City of Tulsa Employees.

37. Van Fossen demands judgment against the City of Tulsa for compensatory damages in the amount of $75,000.00.

**WHEREFORE**, based on the foregoing, Van Fossen prays for a judgment in excess of $75,000.00 against these Defendants for compensatory damages, punitive damages, reasonable attorney's fees, costs of this action and for all other relief allowable according to law.

Date: February 1, 2019

Respectfully submitted,

Greg Haubrich, OBA No. 11854
Andrew M. Casey, OBA No. 32371
FOSHEE & YAFFE
12231 S. May Ave.
Oklahoma City, OK 73170
Telephone: (405) 378-3033
Facsimile: (405) 632-3036
Email:andrewcasey.at.law@gmail.com
**ATTORNEY FOR PLAINTIFF**

**JURY TRIAL DEMANDED**

*1042829698*

DISTRICT COURT
FILED
FEB - 4 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**IN THE DISTRICT COURT FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **(2) JOHN VAN FOSSEN** **Plaintiff,** | ) ) ) | |
| **v.** | ) | Case No. **CJ-2019 00458** |
| **(2) CITY OF TULSA, OKLAHOMA, A municipal corporation;** | ) ) | **JURY TRIAL DEMANDED** |
| **(2) JENNIFER MURPHY, Individually,** | ) ) | **ATTORNEY LIEN CLAIMED** |
| **Defendants.** | ) | Caroline Wall |

**ENTRY OF APPEARANCE**

To the Clerk of this Court and all parties of record:

We enter our appearance as counsel in this case for the Plaintiff, John Van Fossen.

We certify that we are admitted to practice in this Court.

2-1-19
DATE

Greg Haubrich, OBA No. 11854
Andrew M. Casey, OBA No. 32371
FOSHEE & YAFFE
12231 S. May Ave.
P.O. Box 890420
Oklahoma City, OK 73189
Telephone: (405) 632-6668
Facsimile: (405) 632-3036
andrewc@fylaw.com

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

**JOHN VAN FOSSEN,**
an individual
**Plaintiff,**

vs. Case No. CJ-2019-458

**CITY OF TULSA,**
and **JENNIFER MURPHY,**
an individual,
**Defendants.**

DISTRICT COURT
FILED
AUG - 5 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ALIAS
SUMMONS

To the above-named Defendant: JENNIFER MURPHY
Melissa Stice, City Clerk
175 East 2nd Street, Suite 260
Tulsa, OK 74103
(918) 596-7513

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff(s).

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 29 day of July, 2019.

COURT CLERK,
[signature]
Deputy Court Clerk

Attorneys for Plaintiff:
Name: M. BLAKE YAFFE, OBA #9940
Address: 12231 South May Avenue
P.O. Box 890420
Oklahoma City, OK 73189
Telephone: (405) 632-6668

This Summons was served/mailed on 8-5-19

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

P

**RETURN OF SERVICE BY SHERIFF (PERSONAL SERVICE)**

I certify that I received the foregoing Summons on the 4 day of Aug, 2019, and that I delivered a copy of said Summons with a copy of the Petition to each of the following named Defendant(s) personally in Tulsa County at the address and on the date set forth opposite each name, to-wit:

| NAME OF DEFENDANT | ADDRESS | DATE OF SERVICE |
|---|---|---|
| Jennifer Murphy | N/A | 8-5-19 |

USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on this 4 day of Aug, 2019. I served Jennifer by leaving a copy of said Summons with a copy of the Petition attached at Police Station which is his/her usual place of residence with Jennifer, a member of his/her family fifteen (15) years of age or older.

**CORPORATION RETURN**

Received this Summons this____ day of__________, 20____, and as commanded therein, I Summoned the within__________ named Defendant, as follows, to-wit:__________, a corporation, on the____ day of__________, 20____, by delivering a true and correct copy of the Petition to__________, being the__________ of said Corporation, and the__________, President, Vice-President, Secretary, Treasurer or other chief officer not being found in said County.

**NOT FOUND**

Received this Summons this____ day of__________, 20____, I certify that the following persons of the Defendant__________ within named not found in County:__________.

**FEES**

Fee for service $ 40.00 Mileage__________. Total 40.00. Dated this 5 day of Aug, 2019.

__________, Sheriff

By Marietta Howell, Deputy Process Server

**CERTIFICATE OF SERVICE BY MAIL**

I certify that I mailed copies of the foregoing Summons with a copy of the Petition attached to the following named Defendant(s) at the addresses shown by certified mail, addressee only, return receipt requested on this____ day of__________, 20____, and receipt thereof on the date shown.

| DEFENDANT | ADDRESS WHERE SERVED | DATE RECEIPTED |
|---|---|---|
| | | |

FY
FOSHEE YAFFE
Attorneys at Law

M. BLAKE YAFFE, P.C.
WALTER E. SUTTLE
E. SETH HENDRICK
D. ELIOT YAFFE, P.C.
S. ALEX YAFFE, P.C.

ERIC J. CAVETT, P.C.
GREGORY H. HAUBRICH
DAVID L. TEASDALE, PLLC
ALEXANDRA E. WEAVER, PLLC

TERRY M. MCKEEVER
CHRISTOPHER L. KANNADY, PLLC
TYLOR W. HUDDLESTON, PLLC
ANDREW M. CASEY
LINDSAY N. HEARN

12231 S. MAY AVENUE MAILING: P.O. BOX 890420 OKLAHOMA CITY, OK 73189
PHONE: (405) 378-3033 FAX: (405) 632-3036 www.FYlaw.com

# Fax

| | | | |
|---|---|---|---|
| **To:** | Brenda Mann | **From:** | Andrew Casey |
| **Fax:** | 918-759-6928 | **Pages:** (Including transmittal sheet) | 14 |
| **Phone:** | | **Date:** | 8-2-19 |
| **Re:** | | **cc:** | |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

● **Comments:**

- Jennifer Murphy -

CONFIDENTIAL/WORK PRODUCT DESIGNATIONUNLESS OTHERWISE INDICATED. THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE MAY BE PROTECTED UNDER THE ATTORNEY-CLIENT PRIVILEGE AND/OR ATTORNEY WORK-PRODUCT DOCTRINES AND CONTAIN CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU. 

**IN THE DISTRICT COURT FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **JOHN VAN FOSSEN,**<br>an individual<br>**Plaintiff,** | ) | |
| vs. | ) | **Case No. CJ-2019-458** |
| **CITY OF TULSA,**<br>and **JENNIFER MURPHY,**<br>an individual,<br>**Defendants.** | ) | |

FILED
CITY OF TULSA
STATE OF OKLAHOMA
2019 JUL 31 PM 1:34
MELISSA C. STICE
CITY CLERK

ALIAS
**SUMMONS**

To the above-named Defendant: CITY OF TULSA
Melissa Stice, City Clerk
175 East 2nd Street, Suite 260
Tulsa, OK 74103
(918) 596-7513

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff(s).

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 29 day of July, 2019.

COURT CLERK,
[signature]
Deputy Court Clerk

Attorneys for Plaintiff:
Name: M. BLAKE YAFFE, OBA #9940
Address: 12231 South May Avenue
P.O. Box 890420
Oklahoma City, OK 73189
Telephone: (405) 632-6668

This Summons was served/mailed on ____________.

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## RETURN OF SERVICE BY SHERIFF (PERSONAL SERVICE)

I certify that I received the foregoing Summons on the______day of______________, 20____, and that I delivered a copy of said Summons with a copy of the Petition to each of the following named Defendant(s) personally in____________County at the address and on the date set forth opposite each name, to-wit:

| NAME OF DEFENDANT | ADDRESS | DATE OF SERVICE |
| --- | --- | --- |
| ____________________ | ______________ | ______________________ |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on this_____day of ______________, 20______. I served____________________by leaving a copy of said Summons with a copy of the Petition attached at ____________________ which is his/her usual place of residence with____________________, a member of his/her family fifteen (15) years of age or older.

### CORPORATION RETURN

Received this Summons this_____day of______________, 20____, and as commanded therein, I Summoned the within____________________ named Defendant, as follows, to-wit:______________________________________, a corporation, on the_____day of______________, 20____, by delivering a true and correct copy of the Petition to____________________, being the ____________________of said Corporation, and the____________________, President, Vice-President, Secretary, Treasurer or other chief officer not being found in said County.

### NOT FOUND

Received this Summons this_____day of______________, 20____, I certify that the following persons of the Defendant______________within named not found in County:__________________________________________;

### FEES

Fee for service $______________. Mileage____________. Total______________. Dated this______day of________________, 20______.

______________________________, Sheriff

By:__________________________, Deputy

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing Summons with a copy of the Petition attached to the following named Defendant(s) at the addresses shown by certified mail, addressee only, return receipt requested on this_____day of________________, 20______, and receipt thereof on the date shown.

| DEFENDANT | ADDRESS WHERE SERVED | DATE RECEIPTED |
| --- | --- | --- |
| ______________ | ________________________ | ____________________ |